**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**ARMITAGE SAND AND GRAVEL, INC., Respondent.**

No. 73-1978.

United States Court of Appeals, Sixth Circuit.

Argued April 3, 1974.

Decided May 3, 1974.

Margery E. Lieber, N. L. R. B., for petitioner; Peter G. Nash, Gen. Counsel, John S. Irving, Deputy Gen. Counsel, Patrick Hardin, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C., on brief.

Arnold Morelli, Cincinnati, Ohio, for respondent; Bauer, Morelli & Heyd, Cincinnati, Ohio, on brief; Young & Jones, Fred E. Jones, Lebanon, Ohio, of counsel.

Before WEICK, LIVELY and ENGEL, Circuit Judges.

PER CURIAM.

This case is before the Court on the application of National Labor Relations Board for enforcement of its decision and order against Armitage Sand and Gravel, Inc., reported at 203 NLRB 26 (1973).

■ Upon consideration of the record we are of the opinion that the order of the Board, finding a Section 8(a)(1) violation, is supported by substantial evidence.

We are further of the opinion that the order of the Board, finding a Section 8(a)(3) violation in the discharges of Finley Fox and Estill Judd, is not supported by substantial evidence. We are of the opinion that the evidence, as well as the inferences properly deducible therefrom, does not prove knowledge on the part of the company that the discharged employees had engaged in union activity.

■ It is clear from the record that the company has sold only part of its physical assets, but not its business. The company is no longer in business and has no place of business. There is no basis, therefore, to order compliance with the cease and desist order with respect to the Section 8(a)(1) violation, being 1. (a), (b), (c), and (d) of said order, or with the notices provided in 2. (c) and (d) thereof. The law does not require the doing of a vain act. NLRB v. Schnell Tool & Die Corp., 359 F.2d 39 (6th Cir. 1966).

Enforcement is denied with respect to the Sec. 8(a)(3) violation, and, subject to the limitation in paragraph four hereof, enforcement is granted as to the Sec. 8(a)(1) violation. It is so ordered. No costs allowed.