**PROPAK CORPORATION, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 76–2292.

United States Court of Appeals, Sixth Circuit.

Argued June 6, 1978.

Decided June 30, 1978.

Robert L. Larson, Keith Ashmus, Thompson, Hine & Flory, Cleveland, Ohio, for petitioner.

Elliott Moore, Norman Moscowitz, Deputy Associate Gen. Counsel, N.L.R.B., Marion Griffin, Washington, D. C., William E. Caldwell, Acting Regional Director, Region 10, N.L.R.B., Atlanta, Ga., for respondent.

Before CELEBREZZE, LIVELY and KEITH, Circuit Judges.

PER CURIAM.

Propak Corporation has petitioned for review of an order of the National Labor Relations Board and the Board has filed a cross-application for enforcement. The order is reported at 225 NLRB No. 160 (1976).

The Board found that Propak violated Section 8(a)(1) of the National Labor Relations Act, as amended, by coercively interrogating employees concerning union activities and the Board's investigation of complaints against the company. Upon consideration of the entire record the court concludes that these § 8(a)(1) findings are supported by substantial evidence.

The Board also found that Propak violated Section 8(a)(3) and (1) of the Act by discharging the employee Ganues for his union activities. Ganues was employed in July 1972 and performed well, receiving several raises and promotions. He had a "nervous breakdown" in August 1974 and was required to take sick leave. After returning to work, Ganues had difficulty performing jobs to which he was assigned. This necessitated his removal from several jobs and transfers to others. His discharge took place on the Monday following an event the preceding Thursday where an operation assigned to Ganues was left unattended, resulting in a costly spillage of materials.

The administrative law judge found that during the last several months of Ganues' employment Propak "might well have had adequate grounds to discharge Ganues for cause on at least two or three different occasions." He concluded, however, that the actual motivation for the discharge was union activity by Ganues. The administrative law judge based this conclusion on his finding that union activity which Ganues engaged in over the week-end following the "spill" became known to the company on the morning of the discharge. This finding was based upon several inferences, but there was no direct evidence that the company officials who made the determination to discharge Ganues prior to 8:45 on Monday morning had in fact been informed of his most recent union activities. These officers testified that they did not know of this activity and that the discharge resulted from a period of unsatisfactory performance by Ganues, culminating in the serious incident of the previous Thursday.

■ Upon consideration of the entire record we conclude that there is not substantial evidence to support a finding that Ganues was discharged because of his union activities. The Board's General Counsel had the burden of proving that the discharge was impelled by a discriminatory or anti-union motive. *N.L.R.B. v. Howell Automatic Machine Co.*, 454 F.2d 1077, 1080 (6th Cir. 1972). The evidence and the infer-

ences properly drawn from it do not demonstrate that the company had knowledge of the latest union activities of Ganues prior to discharging him. See *N.L.R.B. v. Armitage Sand & Gravel, Inc.*, 495 F.2d 759 (6th Cir. 1974). On the other hand, company officials had known of his earlier union activities and had made no effort to interfere. The record does not support a finding that the actual impelling motive for the discharge of Ganues was to punish him for his union activities of the previous week-end. *N.L.R.B. v. Stemun Mfg. Co.*, 423 F.2d 737, 741 (6th Cir. 1970).

Enforcement is denied with respect to the Section 8(a)(3) violation, paragraphs 2.(a) and (b) of the order. Enforcement is granted as to the Section 8(a)(1) violations, paragraphs 1. and 2.(c) of the order. No costs allowed.